The State, ex rel. Ohio Association of Public School
Employees et al., Appellants, v. Civil Service Commission
of Girard et al., Appellees.

[Cite as State, ex rel. Ohio Assn. of Pub. Sch. Employees, v.
Civ. Service Comm. (1976), 45 Ohio St. 2d 295.]

(No. 75-600—Decided March 24, 1976.)

Messrs. *Lucas, Prendergast, Albright, Gibson, Brown & Newman, Mr. Peter J. Gee* and *Mr. W. Joseph Strapp*, for appellants.

*Mr. Paul A. Burns*, for appellees.

*Per Curiam.* The principal question raised in this appeal is whether a position is in the unclassified civil service for the sole reason that the position is part time. This court finds that it is not.

R. C. 124.11 divides the civil service into the classified and the unclassified service. R. C. 124.11(B) states:

"The classified service shall compromise all persons in the employ of the state and the several counties, cities, city health districts, general health districts, and city school districts thereof, *not specifically included in the unclassified service * * *.*" (Emphasis added.)

All of the positions in question in this appeal are held by persons who are directly in the "employ" of the Girard city school district. They are, therefore, classified civil service employees unless they are specifically included in the unclassified service.

R. C. 124.11 reads, in part, as follows:

"(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter.

"* * *

"(12) * * * [S]uch unskilled labor positions as the director of administrative services or any municipal civil service commission may find it impracticable to include in the competitive classified service; *provided such exemptions*

*shall be by order of the commission or the director, duly entered on the record of the commission or the director with the reasons for each such exemption * * *.*" (Emphasis added.)

Appellees contend that the above statutory language makes it "* * * obvious that the state General Assembly never intended that part-time employees be placed in the classified service."

That conclusion is not obvious to this court, nor does it comport with the plain language of the statute. The statute makes no reference whatsoever to part-time employees. Moreover, the statutory language of R. C. 124.-11(A)(12) clearly is not self-executing.

The record in this case shows that there is no order of the civil service commission finding it impracticable to include these positions in the competitive classified service, together with reasons therefor, duly entered on the record of that commission as required by R. C. 124.11(A)(12).

This court will not substitute its judgment for that of the civil service commission in a properly entered order. However, in the absence of an order by the commission, pursuant to R. C. 124.11(A)(12), the statute itself (R. C. 124.11[B]) places these positions in the classified service. Of course, today's finding does not preclude the commission from exercising the R. C. 124.11(A)(12) option with respect to particular unskilled labor positions in the future.

Appellants also seek the institution of promotional examinations for positions in the three departments.

R. C. 124.31 requires promotions in the classified service to be based upon merit, "to be ascertained as far as practicable by promotional examinations * * *." Whether promotional examinations are practicable for these positions is a question of discretion which is vested initially in the commission, not in the courts. It is appropriate, however, to require the commission to exercise the discretion conferred on it by R. C. 124.31.

With respect to the classified service positions with the board of education, R. C. Chapter 124 places a clear

legal duty on the commission to maintain eligibility lists and to prescribe rules and regulations implementing R. C. Chapter 124.

The other remedy of an appeal to the State Personnel Board of Review pursuant to R. C. 124.40 found by the Court of Appeals is clearly inadequate in this case. The Court of Appeals' decision finding that mandamus is improper is reversed for the reasons stated in *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 228 N. E. 2d 631.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed and writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.