THE STATE, EX REL. LEIS, PROS. ATTY., APPELLANT, *v.* PANIOTO, JUDGE, APPELLEE.

[Cite as State, ex rel. Leis, *v.* Panioto (1982), 1 Ohio St. 3d 10.]

(No. 81-1475—Decided July 7, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. William E. Breyer,* for appellant.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. David Winchester Peck,* for appellee.

*Per Curiam.* R.C. 4511.191 provides, in part:

"(F) Any person whose license or permit to drive *** has been suspended under this section, may *** file a petition in the municipal court or the county court *** in whose jurisdiction the person resides ***.

"(G) ***

"***

"(3) In the proceedings, the registrar shall be represented by the prosecuting attorney of the county in which the person resides if the petition is filed in the county court, except where the petitioner is a resident of a city or village within the jurisdiction of a county court in which case the city director of law or village solicitor shall represent the registrar. If the petition is filed in the municipal court, the registrar shall be represented as provided in section 1901.34 of the Revised Code." Appellant argues that this language requires that he represent the Registrar, because the Hamilton County Municipal Court functions as a county court in this case. We disagree.

R.C. 1901.01 provides, in part: "There is hereby established a municipal court in each of the following municipal corporations: *** Cincinnati ***." R.C. 1901.02 provides, in part: "The municipal courts, established by section 1901.01 of the Revised Code, have jurisdiction within the corporate limits of their respective municipal corporations and are courts of record. Each of the courts shall be styled '. . . . . . . . municipal court,' inserting the name of the municipal corporation, except *** the municipal court established in Cincinnati, which shall be styled and known as the 'Hamilton County municipal court,' ***. The municipal courts also have jurisdiction as follows: *** The Hamilton County municipal court has jurisdiction within Hamilton County." Under these provisions, the Hamilton County Municipal Court is a *municipal court* with county-wide jurisdiction. Therefore, R.C. 4511.191(G)(3) requires that we read R.C. 4511.191 together with R.C. 1901.34.

In *State, ex rel. Dollison,* v. *Reddy* (1978), 55 Ohio St. 2d 59 [9 O.O. 3d 67], the majority of this court reversed the Court of Appeals and issued a writ of mandamus ordering the Law Director of the City of Garfield Heights to represent the Registrar. "The issue is confused by the fact that most of R.C. 1901.34 concerns legal representation in criminal cases, whereas this court has said that proceedings under R.C. 4511.191 are civil in nature. *Kettering* v. *Baker* (1975), 42 Ohio St. 2d 351 [71 O.O. 2d 322]. However, the part of R.C. 1901.34 that creates the law director's duty does not refer to criminal cases at all. Actually it is quite general: 'The city director of law shall perform the same duties, as far as they are applicable thereto, as are required of the prosecuting attorney of the county.'[1] One of the duties 'required of the prosecuting attorney' is to represent the registrar in most license-suspension cases under R.C. 4507.40 and 4511.191 when the petition is filed in the county court. But, when the petition is filed in the Municipal Court, the duty is 'applicable,' not to the prosecuting attorney, but to 'the city or director of law,' because R.C. 4507.40 and 4511.191 both state that '[i]f the petition is filed in

---

[1] This portion of R.C. 1901.34 currently provides: "*** The village solicitor, city director of law, or similar chief legal officer shall perform the same duties, as far as they are applicable thereto, as are required of the prosecuting attorney of the county. ***"

the municipal court, the registrar shall be represented as provided in section 1901.34 of the Revised Code.' " *Reddy, supra,* at 60. (Footnote and emphasis added.)

Mandamus is an extraordinary writ. "In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. (*State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41 [8 O.O. 3d 36].)" *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O. 3d 53], paragraph one of the syllabus. In light of the provisions of the Revised Code which we quoted above and this court's holding in *Reddy,* appellant does *not* have a clear legal right to represent the Registrar.[2] We recognize that our construction of the statutes may require city law directors to appear in municipal courts in distant counties if the suspended licensee resides elsewhere in Ohio. Nevertheless, the General Assembly clearly intended that licensees have a convenient forum for their suspension appeals. Therefore, it is for the General Assembly, not this court, to reduce whatever burden this may place on city law directors.

Accordingly, we affirm the judgment of the Court of Appeals denying the writ of mandamus.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and KRUPANSKY, JJ., concur.

HOLMES, J., dissents.

---

[2] Likewise, appellant's two other propositions of law fail. Appellant correctly observes that this court has admitted him to the practice of law. Section 2(B)(1)(g), Article IV, Ohio Constitution. Yet, neither this alone nor in conjunction with the Registrar's request that appellant defend the suspension appeal create a clear legal right to represent a public official if the General Assembly has properly provided otherwise.