BOARD OF EDUCATION, NORTH OLMSTED CITY SCHOOL DISTRICT, APPELLEE, *v.* NORTH OLMSTED CIVIL SERVICE COMMISSION ET AL., APPELLANTS.

(No. 3533—Decided November 30, 1983.)

*Mr. Kenneth B. Stark,* for appellee.
*Mr. Robert G. Byrom* and *Ms. Judith A. Wise,* for appellants.

MAHONEY, J. William Schneider and the North Olmsted Civil Service Commission appeal a trial court order holding that Schneider was not a member of the classified civil service while employed by the North Olmsted City School District and reversing the decision of the North Olmsted Civil Service Commission to the contrary. We reverse and vacate the trial court's judgment.

Appellant William Schneider was employed as a grounds attendant by the North Olmsted City School District from April 1979 until June 1981. On April 20, 1981, Schneider received notification from the North Olmsted Board of Education that his employment was terminated effective June 5, 1981, the last day of the 1980-1981 school year. No reason for the termination was given.

Schneider appealed his termination and was afforded a hearing before the North Olmsted Civil Service Commission on the issue of whether, as a grounds attendant, Schneider was employed as a classified civil servant. The commission ruled that Schneider was in fact a member of the classified service pursuant to R.C. 124.11(B)(2) and that the commission had failed to properly exempt the position of groundskeeper pursuant to

R.C. 124.11(A)(12). The commission further determined that Schneider had been improperly discharged and ordered him reinstated with full pay and benefits, less income earned from other sources.

The North Olmsted Board of Education appealed the commission's decision to the Lorain County Court of Common Pleas. The trial court reversed the commission's decision. Schneider now appeals to this court, contending:

"1. The common pleas court erred in reversing the decision of the North Olmsted Civil Service Commission and determining that appellant's position was unclassified.

"2. The common pleas court erred in determining that appellant is an unclassified employee, and, therefore, not entitled to the protections of Ohio Revised Code, § 124.34.

"3. The common pleas court erred in determining that the North Olmsted Civil Service Commission was without jurisdiction to hear appellant's appeal based on the contention that he was a member of the unclassified civil service.

"4. The common pleas court erred in determining that the North Olmsted Civil Service Commission acted outside its authority in disaffirming the removal order of the appointing authority."

The sole issue presented in this appeal is whether the position of grounds attendant was properly exempted from the classified service and placed in the unclassified service by the commission pursuant to R.C. 124.11(A)(12).

R.C. 124.11 provides in relevant part:

"The civil service of the state and the several counties, cities, civil service townships, city health districts, general health districts, and city school districts thereof shall be divided into the unclassified service and the classified service.

"(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:

"(* * *

"(12) Such * * * unskilled labor positions as the director of administrative services or any municipal civil service commission may find it impracticable to include in the competitive classified service; provided such exemptions shall be by order of the commission or the director, duly entered on the record of the commission or the director with the reasons for each such exemption;

"(* * *

"(B) The classified service shall comprise all persons * * * not specifically included in the unclassified service. * * * [T]he classified service shall also comprise, * * * all persons in the employ of civil service township police or fire departments having ten or more full-time paid employees to be designated as the competitive class and the unskilled labor class.

"(1) The competitive class shall include all positions and employments * * * for which it is practicable to determine the merit and fitness of applicants by competitive examinations. * * *

"(2) The unskilled labor class shall include ordinary unskilled laborers. Vacancies in the labor class shall be filled by appointment from lists of applicants registered by the director. The director or the commission shall in his rules require an applicant for registration in the labor class to furnish such evidence or take such tests as the director considers proper with respect to age, residence, physical condition, ability to labor, honesty, sobriety, industry, capacity, and experience in the work or employment for which he applies. * * *"

The statute clearly divides the civil service into two basic categories, the classified and the unclassified service. R.C. 124.11(B) further divides the classified service into the competitive class and the unskilled labor class. The

competitive class comprises those positions "for which it is practicable to determine the merit and fitness of applicants by competitive examinations." Thus, to qualify for the competitive classified service, applicant must possess a particular skill or expertise and must demonstrate that expertise on a competitive examination as part of the employment application process.

Conversely, the term unskilled labor class connotes a category of positions for which it is not practicable to determine merit and fitness of applicants by competitive examinations. To qualify for the unskilled labor class, the applicant need not possess and demonstrate a special skill or expertise. Rather, the unskilled laborer must demonstrate the physical ability and a sufficient "work ethic" to indicate that he will adequately perform the job. Thus, registration in the labor class may be accomplished either by taking noncompetitive tests or by furnishing required evidence of age, residence, physical condition, ability to labor, honesty, sobriety, industry, capacity and work experience. Although the qualifications and methods of selection differ, both competitive and unskilled labor positions are in the classified service and are entitled to the protections afforded classified civil servants. *State, ex rel. Ohio Assn. of Pub. School Emp.,* v. *Civil Serv. Comm.* (1976), 45 Ohio St. 2d 295 [74 O.O.2d 463], and *In re Appeal of Crabtree* (1966), 11 Ohio App. 2d 114.

R.C. 124.11(A)(12) provides an exception to the above stated rule. Pursuant to R.C. 124.11(A)(12) unskilled labor positions may be excluded from the classified service if the commission or the director finds inclusion impracticable. To effect exemption under R.C. 124.11(A)(12), the commission or the director must order the exemption and state the reasons underlying the finding of impracticability on the record. Clearly, R.C. 124.11(A)(12) seeks to prevent exclusion based on administrative fiat or convenience.

On September 21, 1967, the North Olmsted Civil Service Commission passed a resolution which states in part:

"SECTION 2. That it is hereby determined that the following officers, positions and employments in the Civil Service of said School District are in the non-classified Civil Service since it is impracticable to include such unskilled labor positions in the competitive classified service:

"Noon Aides

"Cafeteria Helpers

"Summer help, common labor

"Unskilled student help

"Emergency or short term aides or Assistants

"Unskilled labor — maintenance division

"Unskilled labor — custodial division

"That the reason for including such positions in the non-classified service is that each such position requires no particular skill or talent for which an adequate and meaningful examination could be provided since such positions are those which require only that a person be in reasonably good health and able to exercise sound judgment."

On July 6, 1972, the commission added the position of grounds attendant to the list of unskilled labor positions exempted from the classified service without recording any reasons for the exemption except those stated in the 1967 resolution quoted above. On June 26, 1980, the commission passed a resolution clarifying the 1967 resolution and evidencing its intent to exclude the above-listed positions from the classified service. The 1980 resolution contains no additional reasons for the exemptions.

Schneider contends that the commission failed to give adequate reasons for the exclusions and, thus, has not complied with R.C. 124.11(A)(12). We agree.

The 1967 resolution stated that it is impractical to include unskilled labor positions in the competitive classified service. This statement merely reiterates the

legislature's determination found in R.C. 124.11(B). The 1967 resolution also states:

"* * * [t]hat the reason for including such positions in the non-classified service is that each such position requires no particular skill or talent for which an adequate and meaningful examination could be provided since such positions are those which require only that a person be in reasonably good health and able to exercise sound judgment."

R.C. 124.11(B) clearly contemplates that, in many instances, applicants for unskilled labor positions will be exempted from "adequate and meaningful examination" and instead will furnish evidence of age, residency, physical ability, industry, sobriety, etc. to obtain appointment. In these situations, the legislature has provided that unskilled labor positions will remain in the classified service. Thus, the North Olmsted Civil Service Commission may not offer the distinctions listed in R.C. 124.11(B) as reasons for exempting unskilled labor positions under R.C. 124.11(A)(12). To hold otherwise would judicially permit the commission to deny protection to those people expressly given protection by the legislature in R.C. 124.11(B).

While there may be sound reasons for excluding any or all of the positions exempted by the North Olmsted Civil Service Commission, none has been articulated and entered on the record as required by R.C. 124.11(A)(12). Since Schneider's position was not properly exempted, he is a classified civil servant pursuant to R.C. 124.11(B)(2).

We sustain all assignments of error. The judgment of the Lorain County Court of Common Pleas is reversed and vacated. The order of the North Olmsted Civil Service Commission is hereby reinstated.

*Judgment reversed.*

QUILLIN, P.J., and BAIRD, J., concur.