JOHNSON, APPELLANT, *v.* BEXLEY CIVIL
SERVICE COMMISSION ET AL.,
APPELLEES.

(No. 85AP-9 — Decided
December 5, 1985.)

*Robert G. Byrom, John F. Lenehan* and *Ohio Assn. of Pub. School Emp.,* for appellant.

*Vorys, Sater, Seymour & Pease, James H. Gross* and *P. Douglas Barr,* for appellee Bexley Civil Serv. Comm.

*Murphey, Young & Smith* and *James S. Savage,* for appellee Bexley City School Dist. Bd. of Edn.

MOYER, J. This case is before us on the appeal of appellant, Allen Johnson, from a judgment of the Franklin County Court of Common Pleas in favor of appellees, Bexley Civil Service Commission ("commission") and Bexley City School District Board of Education ("board").

The legal issue raised by this appeal concerns the authority of city government to restrict the jurisdiction of municipal civil service commissions.

Johnson was employed by the board until September or October 1982 when he was terminated after allegedly being caught stealing. Johnson appealed his termination to the commission. The commission declined to hear the appeal, stating in a letter dated November 5, 1982 that it had no jurisdiction in the matter.

Johnson appealed the decision of the commission to the Franklin County Court of Common Pleas, which affirmed the commission's refusal of jurisdiction.

In support of his present appeal, Johnson argues in his single assignment of error that:

"The Common Pleas Court erred in dismissing Appellant's appeal by concluding that the order of the Bexley Civil Service Commission is supported by reliable, probative and substantial evidence and is in accordance with law."

Bexley Ordinance 31-81, Section 2, purports to "* * * limit the jurisdiction of the Civil Service Commission of the City of Bexley to municipal employees and officers of the City of Bexley and to no one else."

In addition, in Section 3, the city council recognized "[t]hat this ordinance is passed under the authority of the Charter [of the city of Bexley] and is in conflict with the general laws of the state governing civil service in cities."

The commission and the board rely upon the ordinance, the city charter, the "home rule" provisions of Section 3, Article XVIII of the Ohio Constitution, and

1973 Ohio Atty. Gen. Ops. No. 73-106, at 2-406, for authority to limit the commission's jurisdiction.

The Ohio Supreme Court has held to the contrary in *State, ex rel. Stough,* v. *Bd. of Edn.* (1977), 50 Ohio St. 2d 47, 49 [4 O.O.3d 116], where it states:

"* * * Jurisdiction [in municipal civil service commissions] over city school district employees is granted and directed to be exercised by statute [R.C. 124.34], in accordance with the state's authority over public education under Section 3, Article VI of the Ohio Constitution. A city charter has no effect upon this statutory grant of jurisdiction."

The broad language of *State, ex rel. Stough,* v. *Bd. of Edn., supra,* implies that the "home rule" issue, while relevant, does not control. Rather, because there is a direct conflict between the police powers of city and state, the local ordinance must yield to state law. *State, ex rel. Evans,* v. *Moore* (1982), 69 Ohio St. 2d 88, 90 [23 O.O.3d 145]; cf. *Weir* v. *Rimmelin* (1984), 15 Ohio St. 3d 55.

Further, because the statutory grant of jurisdiction in R.C. 124.34 overrides city charter provisions to the contrary, it also overrides city ordinances which derive their authority from city charters.

R.C. 124.34 is addressed to "* * * every officer or employee in the classified [civil] service of the * * * city school districts * * *," and accords those persons a right of appeal to the city civil service commission in the event of removal.

The record provides no evidence to indicate Johnson, a nonteaching employee, is other than a member of the classified civil service. As defined in R.C. 124.11(A)(12), nonskilled employees are in the classified civil service unless exempted by an order of the civil service commission or the state director of administrative services. In the absence of such an order, the statute itself (R.C. 124.11[B]) places unskilled positions in the classified civil service. *State, ex rel. Ohio Assn. of Pub. Sch. Employees,* v. *Civ. Service Comm.* (1976), 45 Ohio St. 2d 295, 297 [74 O.O.2d 463].

Thus, the jurisdiction to hear Johnson's appeal of his removal was improperly denied by the commission. We note that the concerns with local control and "home rule" are addressed in R.C. 124.11(A)(12), which permits municipal civil service commissions to order the exemption of the unskilled labor positions from classified service. Our holding does not affect such authority. *State, ex rel. Ohio Assn. of Pub. Sch. Employees,* v. *Civ. Service Comm., supra.*

The commission and the board both argue in the alternative that, assuming the commission had jurisdiction, Johnson's appeal of his removal was not timely filed. This argument involves a factual determination not decided upon by either the trial court or the civil service commission. We decline to make such a determination in the first instance.

Accordingly, Johnson's assignment of error is sustained, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REILLY, P.J., and WHITESIDE, J., concur.

WHITESIDE, J., concurring. Although I concur in the opinion and judgment, some additional observations are pertinent.

First, the effect of the Bexley ordinance attempting to limit jurisdiction of the Bexley Civil Service Commission does not constitute an exercise of home-rule powers but, instead, an attempt to regulate civil service remedies of school district employees, a subject upon which the Bexley City Council has no power to legislate. The underlying issue, not

raised by the parties, is whether the General Assembly may require a city to provide civil service commission services to a city school district.

However, R.C. 124.40 specifically provides that the civil service function for a city school district shall be provided by the municipal civil service commission. If the present Bexley Civil Service Commission is not required to provide that service, it would be necessary that two Bexley Civil Service Commissions be appointed — one pursuant to the Bexley Charter and one pursuant to R.C. 124.40, to be appointed by the State Personnel Board of Review if the mayor fails to do so. There is nothing in the Bexley Charter called to the attention of this court which contemplates that two commissions be appointed. Moreover, it has been held that the General Assembly may impose state duties upon a city officer. See *State, ex rel. Dollison,* v. *Reddy* (1978), 55 Ohio St. 2d 59 [9 O.O.3d 67], and *State, ex rel. Leis,* v. *Panioto* (1982), 1 Ohio St. 3d 10. In addition, R.C. 124.54 contemplates that the board of education may pay the city for the service.

Second, no charter provision authorizing the Bexley City Council to pass the ordinance in question has been cited. Section 55 of the Bexley Charter makes state law applicable if not in conflict with the charter or "ordinances of Council passed thereunder." For a conflict to exist, the ordinance must be one that council is authorized by the charter to adopt. There is no contention that the Bexley Charter authorized council to adopt an ordinance to limit the jurisdiction of the civil service commission over school district employees, even if the charter could properly so provide.

Accordingly, for the reasons stated in the opinion of the court and the additional reasons stated herein, I concur in the opinion and judgment.