OLT *v.* MCCULLION, REGISTRAR.

18

(No. 88 CV 06711—Decided
August 24, 1988.)

Hamilton County Municipal Court.

*James N. Perry,* for petitioner.
*Mark A. VanderLaan,* for respondent.

PAINTER, J.  This matter came on for decision on petitioner's motion for default judgment, seeking to have this court set aside the action of the Bureau of Motor Vehicles in suspending his driver's license. Due to the somewhat unusual procedural posture of this matter, a short recitation of the chronology of events follows.

On February 10, 1988, the petitioner, John M. Olt, was notified by respondent, the Ohio Registrar of Motor Vehicles, that his driving privileges in Ohio were to be suspended effective March 1, 1988 because of a purported refusal to submit to a chemical test in accordance with R.C. 4511.191, commonly known as an "implied consent" suspension.

On February 19, 1988, Olt timely filed his petition in this court contesting the action of the respondent. The petition alleged error in the action taken by the respondent as required by R.C. 4511.191(F). The respondent was served by certified mail on February 25, 1988. Olt also notified the respondent of the filing of the petition as evidenced by the proof of service on the petition.

No answer was filed by respondent, and the matter lay dormant until May 12, 1988, when the clerk's office of this court notified counsel for Olt that the petition had not been contested and that a hearing on the petition had been scheduled for May 24, 1988. On that date, Olt and his counsel appeared as directed by the clerk. Counsel for respondent also appeared and requested a continuance in order to prepare an answer to the petition. The petitioner objected to the oral motion of the respondent. Over the objection of the petitioner, the court granted respondent leave to file an answer and continued the proceedings to June 28, 1988.

On June 28, 1988, the case was called. Counsel for Olt indicated that petitioner was ready to proceed, and noted that the respondent had still failed to file an answer or any other document in the proceedings. Counsel for the respondent then orally moved the court for leave to file an answer. The court denied the respondent's oral motion, observing that the respondent had not filed an answer after the previous oral motion for leave to file an answer had been granted on May 24, 1988. The court found that the respondent was in default for answer.

The court indicated that the matter would be submitted for decision on August 19, 1988. The court invited counsel to submit memoranda no later than July 29, 1988. Petitioner filed a memorandum (albeit with the wrong case number); counsel for respondent filed nothing, evidencing consistency, if nothing else.

R.C. 4511.191(G)(3) directs that the registrar shall be represented by the city law director or village solicitor when the petitioner is a resident of a city or village within the jurisdiction of the county court. The Hamilton County Municipal Court is a municipal court with county-wide jurisdiction. In such a court, the law director or the village or city solicitor is required to represent

the registrar if the petitioner lives in a city or village within the court's jurisdiction. *State, ex rel. Leis,* v. *Panioto* (1982), 1 Ohio St. 3d 10, 1 OBR 35, 437 N.E. 2d 298.

Petitioner lives in the city of Blue Ash. The solicitor for Blue Ash has physically appeared in these proceedings on behalf of the respondent. However, no formal entry of appearance has been made in writing nor has any document been filed by the solicitor. The solicitor's first appearance was on May 24, 1988 when the solicitor orally requested a continuance for the purpose of preparing an answer to the petition, asserting that the registrar had failed to notify the solicitor's office in Blue Ash that this petition had been filed.

While it may be argued that R.C. 4511.191(G)(3) is inartfully drawn because there is no provision for notice to the county prosecutor, or the law director or the solicitor of villages or cities within the court's jurisdiction, the legislative command still must be observed. In any event, any "failure of notification" was most certainly cured when the court granted the solicitor's oral request for a continuance and granted leave to file an answer on May 24, 1988. The court further notes that the petitioner fully complied with all requirements of the statute, and the state's communications problems are not chargeable to petitioner.

The Rules of Civil Procedure apply to proceedings instituted under R.C. 4511.191. *Lysaght* v. *Dollison* (1978), 61 Ohio App. 2d 59, 15 O.O. 3d 77, 399 N.E. 2d 121. Civ. R. 12(A) requires the filing of an answer within twenty-eight days after service. The issues must be drawn and a formal appearance must be entered so that the proceedings may develop in accordance with established rules of procedure.

The petitioner is authorized to proceed in accordance with Civ. R. 55 with default judgment in the event that the registrar fails to file an answer. See Painter & Looker, Ohio Driving Under the Influence Law (1988), Section 23.07(C). However, under Civ. R. 55(D), no judgment may be granted against a state agency unless the claimant establishes a claim to relief "by evidence satisfactory to the court."

Petitioner has filed an affidavit, which is uncontroverted, stating that (1) as a result of the automobile accident preceding his alleged refusal to submit to a chemical test, he was unable to refuse such a test, and (2) he was not advised of the consequences of the refusal to submit to a test. Either of the above facts would, under R.C. 4511.191(F), require the court to set aside the proposed suspension of petitioner's license. The court finds that petitioner's uncontested sworn statement is sufficient evidence, under Civ. R. 55(D), to issue a default judgment against the registrar and to restore petitioner's license.

*Default judgment granted; suspension set aside.*