THE STATE, EX REL. CAMPANELLA, AUDITOR, *v.* KUCINICH, MAYOR, ET AL.

(No. 38741—Decided December 19, 1977.)

Mr. *Thomas P. Gill* and Mr. *Timothy J. Armstrong,* for relator.

Mr. *Jack M. Schulman,* Ms. *Marilyn G. Zack* and Mr. *Paul F. Levin,* for respondents Mayor Dennis J. Kucinich and the city of Cleveland.

Mr. *Joseph W. Bartunek,* for respondents clerk and members of Cleveland City Council.

PRYATEL, P. J. This action commenced November 25, 1977, with the filing of a complaint by relator the state of Ohio, ex rel. Vincent C. Campanella, auditor of Cuyahoga County, seeking the issuance of a writ of *mandamus* that would compel the respondents, the mayor and city councilmen of the city of Cleveland, to pass legislation levying taxes in the amount authorized by the Cuyahoga County Budget Commission.

The city of Cleveland filed its answer to the complaint December 2, 1977, including therein a counterclaim seeking a temporary restraining order and a permanent injunction restraining the relator from preparing and mailing any tax bills and from otherwise collecting taxes for the 1978 collection on property within the city of Cleveland unless and until the taxing authority of the city of Cleveland levies necessary property taxes for fiscal year 1978.

The answer of the mayor filed December 9, 1977, incorporated by reference the position taken by the city.

The obligation of the taxing authority of the city of Cleveland to levy taxes as designated by the budget commission is defined in R. C. 5705.34:

"Sec. 5705.34 *Certification of tax levy; revision of budget.*

"When the budget commission has completed its work it shall certify its action to the taxing authority of each subdivision and other taxing unit within the county, together with an estimate by the county auditor of the rate of each tax necessary to be levied by each taxing authority within its subdivision or taxing unit, and what part thereof is in excess of, and what part within, the ten-mill tax limitation. Each taxing authority by ordinance or resolution shall authorize the necessary tax levies and certify them to the county auditor before the first day of October in each year, or at such later date as is approved by the commissioner of tax equalization."

In the present case, testimony by Mr. Lawrence Gaia, supervisor of the Cuyahoga County Budget Commission and legislative aide to the County Auditor, disclosed that "approximately the third week, second week of October

[1977], sometime during that time frame'' the total millage which would apply for the city of Cleveland was certified by the budget commission to the city. Two copies of the rate resolution bearing the certified tax millage were hand delivered by a member of his staff to the office of the city of Cleveland Director of Finance. Mr. Warren D. Reibe testified that in his capacity as finance director of the city, he received the rate resolution ''either the 18th or 19th of October [1977] and the 20th at the latest.'' The budget commission then awaited return of the two copies of the rate resolution after passage by the City Council. However, the resolution was referred to committee where it is now lodged.

In the hearing held on the County Auditor's complaint in *mandamus*, the city has sought to justify its inaction through testimony and exhibits which dispute the adequacy of the rate of tax certified to it by the budget commission in light of the financial needs of the city in 1978. However, R. C. 5705.37 clearly provides that the remedy for such dissatisfaction lies in an appeal to the Board of Tax Appeals,[1] not in the refusal to comply with R. C. 5705.34.

Respondents also question whether notice to the director of finance on or about October 18th through the 20th was notice to Council. They contend that the budget commission was bound by law to certify its action to the taxing authority,[2] rather than to the subdivision through its director of finance.

However, since the respondents have stipulated that Resolution No. 2817-77[3] was introduced in Council on Octo-

---

[1] R. C. 5705.37 provides that "The taxing authority of any subdivision which is dissatisfied with any action of the budget commission may, through its fiscal officer, appeal to the board of tax appeals within thirty days after the receipt by such subdivision of the official certificate or notice of such action of said commission."

[2] R. C. 5705.34.

[3] Resolution No. 2817-77 provides, in pertinent part:

"Whereas, this Council, in accordance with the provisions of law, has previously adopted a Tax Budget for the fiscal year commencing January 1, 1978; and

"Whereas, the Budget Commission of Cuyahoga County, Ohio, has certified its action thereon to this Council, together with an estimate

ber 31, 1977, Council, the taxing authority, was fully aware of the action of the budget commission at that time.

No appeal was taken within 30 days either from the date that the director of finance received the notice or from the date that Council received the proposed resolution.

The city explains the failure to appeal by contending that the budget commission did not *certify* its action and therefore the time to appeal did not begin to run. However, as noted above, Resolution No. 2817-77 itself acknowledges that "the Budget Commission of Cuyahoga County, Ohio, *has certified its action* thereon to this Council." (Emphasis added.) Furthermore, the law provides that an appeal must be made "within thirty days after receipt * * * of the official certificate *or notice* of such action of the Commission." (Emphasis added.) R. C. 5705.37.

That the Director of Finance received notice from the commission, that he accepted it as genuine, and acted upon it, is not challenged. We conclude that there was compliance with the law by the budget commission.

Thus, the issue reduces itself to the following:

Can respondents, who have received notice of the rate of taxation and received a resolution authorizing its levy, permit the time given them to appeal to elapse and then, in resisting an action in *mandamus* brought to effectuate the authorization, challenge the facts and figures which Council earlier chose not to contest? We believe not and we so hold.

R. C. 5705.37 is a special section governing appeals on tax levies. It was enacted specifically to consider any complaint of taxing authorities that are dissatisfied with the action of the budget commission. The findings of the Board of Tax Appeals become the findings of the commission and are certified as the action of the commission under R. C. 5705.01 to R. C. 5705.47 inclusive.

We hold that respondents cannot ignore their right to

by the County Auditor, of the rate of each tax necessary to be levied by this Council and what part thereof is without and what part within the 10-mill limitation; * * *."

appeal and then, in their defense against an action in *mandamus*, contest the matters they chose not to challenge under a specific law drawn and enacted for that very purpose.

*Mandamus* lies to compel the performance of an act which is clearly enjoined by law upon a respondent. *State ex rel. Pistillo*, v. *Shaker Heights* (1971), 26 Ohio St. 2d 85; *State, ex rel. Freeman,* v. *Valentine* (1971), 25 Ohio St. 2d 183. This principle applies whether the source of the duty involved is a city charter provision, *Cleveland, ex rel. Neelon*, v. *Locher* (1971), 25 Ohio St. 2d 49, or a state statute, *State, ex rel. Tulley,* v. *Brown* (1972), 29 Ohio St. 2d 235.

The Ohio Supreme Court has held that where a plain and unmistakably clear provision in a city charter is not self-executing, but is followed by a provision that council shall, by ordinance, provide for the enforcement of such provision, *mandamus* lies to compel the council to enact such an ordinance. *Cleveland, ex rel. Neelon,* v. *Locher, supra.*

Likewise in the present case, where the state statute requires that the taxing authority of the city by ordinance or resolution *shall* authorize the necessary tax levies and certify them to the county auditor, a clear mandatory duty is placed upon the city council as the taxing authority to comply with that requirement, and *mandamus* will lie to compel the council to so act. *See, also, State, ex rel. Foster,* v. *Board of County Commissioners* (1968), 16 Ohio St. 2d 89; *State, ex rel. Scott,* v. *Masterson* (1962), 173 Ohio St. 402.

Accordingly, it is ordered that a writ of *mandamus* issue as prayed for, and that the counterclaims of the respondents, the city of Cleveland, and Dennis J. Kucinich, Mayor, be dismissed.

*Writ granted.*

Parrino and Krupansky, JJ., concur.