OHIO ACADEMY OF NURSING HOMES, INC., APPELLEE, *v.* BARRY, DIR., OHIO DEPARTMENT OF HUMAN SERVICES ET AL., APPELLANTS.

(No. 86AP-464 — Decided March 31, 1987.)

*Richard Goldberg* and *Geoffrey Webster,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sheila P. Cooley,* for appellants.

McCormac, J. The Ohio Academy of Nursing Homes, Inc., plaintiff-appellee, filed a complaint in the Franklin County Court of Common Pleas for declaratory and injunctive relief and mandamus. Thereafter, plaintiff filed a motion, pursuant to Civ. R. 23, to certify the case as a class action to allow plaintiff to represent all nursing homes in Ohio participating in the Medicaid program during the period involved in the complaint. Defendants resisted class certification asserting, among other reasons, that plaintiff did not have standing to represent nursing homes which were not members of the Ohio Academy of Nursing Homes, an incorporated association consisting of about one hundred fifty of Ohio's nearly one thousand Medicaid nursing homes.

The trial court found that plaintiff met the requirements for class action certification as set forth in Civ. R. 23(A) and certified the class under Civ. R. 23(B)(3), which would require notice to class members and the right to opt out of the suit because the action involved the recovery of money damages. The judgment of the trial court did not specify the class, but it is apparent that it was the class sought by plaintiff in its motion for certification because the notice of pendency of the class action was directed "to all nursing homes providing Title XIX Medicaid (42 USC 1396, *et seq.*) services by and under provider agreements with the Ohio Department of Human Services (then known as the Ohio Department of Public Welfare) during the years 1980 through 1983, inclusive."

Defendants have appealed the class action certification, setting forth the following assignments of error:

"1. The trial court erred in certifying a class of all Ohio Medicaid nursing homes because the named plaintiff does not have standing to represent that class.

"2. The trial court erred in certifying a class of all Ohio Medicaid nursing homes because the named plaintiff does not have standing to represent homes that are not its members.

"3. The trial court erred in certifying a class of all Ohio Medicaid nursing homes because the requirements of Civ. R. 23 have not been met.

"4. The trial court erred in certifying * * * [the] class defined in plaintiff's motion because that definition extends beyond the scope of the complaint."

The first issue is whether the Ohio Academy of Nursing Homes, Inc., an incorporated association, has the standing to represent members of its association as a class. A party has standing to invoke the jurisdiction of the court if he has, in an individual or representative capacity, some real interest in the subject matter of the action. *State, ex rel. Dallman,* v. *Court of Common Pleas* (1973), 35 Ohio St. 2d 176, 64 O.O. 2d 103, 298 N.E. 2d 515, syllabus. An association has standing to bring suit on behalf of its members, whether the association is incorporated or unincorporated, when: (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *State, ex rel. Connors,* v. *Ohio Dept. of Transp.* (1982), 8 Ohio App. 3d 44, 47, 8 OBR 47, 50, 455 N.E. 2d 1331, 1334; *Fraternal Order of Police* v. *Columbus,* (1983), 10 Ohio

App. 3d 1, 10 OBR 6, 460 N.E. 2d 639. Both of these cases adopted the standards set forth in *Warth* v. *Seldin* (1975), 422 U.S. 490, and *Hunt* v. *Washington State Apple Advertising Comm.* (1977), 432 U.S. 333, 343. In this case, the Ohio Academy of Nursing Homes meets the requirements for standing to be a party to the action in a representative capacity on behalf of its members. The litigation involves interests germane to the organization's purpose which obviously consists of matters pertaining to the welfare of nursing homes, including the application of legislative formulas for payment to the members. Individual members of the association would have standing to sue in their own right. Finally, while some of the relief requested may require the participation of individual members in the lawsuit, that requirement, if any, is fulfilled by the notice provision to the individual members and their right to opt out if they choose.

Appellants' first assignment of error is overruled.

Appellants next assert that even if appellee has standing to represent its members, the trial court erred in giving it standing to represent nursing homes that are not its members.

The question, thus, is whether an incorporated association of nursing homes can be the class representative for similar nursing homes which are not members of the association. The Ohio cases pertaining to representative standing by organizations allow standing only in regard to members. In none of the cited Ohio cases does there appear to be any attempt of the organization to represent non-members. It is asserted that two other organizations similar to appellee, the Ohio Health Care Association and the Ohio Association of Philanthropic Homes for the Aging, include among their members most of the nursing homes which are not members of appellee. The non-member nursing homes do not finance or have a say in the activities of appellee nor does appellee have an interest in their welfare. In *Hope, Inc.* v. *County of DuPage, Illinois* (C.A. 7, 1984), 738 F. 2d 797, 814, the Seventh Circuit pointed out that the Supreme Court had not seen fit "to extend representational capacity standing to entities other than associations which actually represent interests of parties whose affiliation with the representational litigant is that of membership with the representative or [the] substantial equivalent of membership. * * *" In *Hope,* the court declined to extend representational standing to an organizational representative other than on behalf of its members. That holding represents sound policy. Hence, the trial court erred in granting standing to appellee to represent nursing homes that were not members of the incorporated association.

Appellants' second assignment of error is sustained.

Appellants next assert that the trial court erred in certifying a class of all Ohio Medicaid nursing homes because the requirements of Civ. R. 23 have not been met.

The test to be used by the court of appeals in considering an appeal from the certification of a class action by the trial court is whether the trial court abused its discretion. *Ojalvo* v. *Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St. 3d 230, 12 OBR 313, 466 N.E. 2d 875; *Vinci* v. *American Can Co.* (1984), 9 Ohio St. 3d 98, 9 OBR 326, 459 N.E. 2d 507, paragraph one of the syllabus. As far as appellee's representation of its own members is concerned, there was no abuse of discretion in determining that appellee had established the four prerequisites to a class action set forth by Civ. R. 23(A). The number of nursing homes alleged to be members of appellee are suffi-

cient to find that the numerosity requirement of Civ. R. 23(A)(1) has been fulfilled. There is sufficient reason to find that appellee can fairly and adequately represent the interest of all of its members even though a holding in favor of appellee may affect individual nursing homes differently. There are questions of fact or law common to the class, and the claims of the representative are typical of the claims of the class.

Appellants also assert that the trial court erred in finding a class action maintainable under Civ. R. 23(B)(3). That contention is not well-founded. In *Vinci* v. *American Can Co., supra,* at paragraph three of the syllabus, the Supreme Court held that potential dissimilarity in remedies does not prevent a trial court from certifying the cause as a class action. While that is a factor to be considered, the dissimilarity here primarily results from individual calculations of damages based upon a common formula.

Appellants' third assignment of error is overruled so far as challenges pursuant to Civ. R. 23(A) and (B) are concerned in relation to a class consisting of the members of appellee association.

Appellants' next contend that the trial court erred in certifying the class because the certification went beyond the scope of the complaint and the provisions of Am. Sub. H.B. No. 100 (140 Ohio Laws, Part I, 1855), in that Am. Sub. H.B. No. 100 provides no accelerated recoupment for 1983. Hence, appellants assert that the portion of the class definition alluding to 1983 services should be reversed.

The amended complaint sought relief for nursing homes which participated in the Ohio Medicaid program and rendered services during any portion of the time period from July 1980 through June 1983. Hence, the trial court's certification was not inconsistent with the allegations of the complaint and did not go beyond the scope of the complaint. If the provisions of Am. Sub. H.B. No. 100 do not apply for 1983, no relief should be granted in respect to that period. Therefore, since the class is limited to the members of appellee and, since, upon remand for a hearing on the merits, the relief can be tailored to that allowed by Am. Sub. H.B. No. 100, there was no abuse of discretion in defining the class to include nursing homes providing services in 1983.

Appellants' fourth assignment of error is overruled.

Appellants' first, third and fourth assignments of error are overruled, and appellants' second assignment of error is sustained. The judgment of the trial court is partly affirmed and partly reversed. The cause is remanded to the trial court with instructions to limit the class certification to those nursing homes which are members of the Ohio Academy of Nursing Homes, Inc.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded*
*with instructions.*

WHITESIDE and NICHOLS, JJ., concur.

NICHOLS, J., of the Court of Common Pleas of Madison County, sitting by assignment in the Tenth Appellate District.