STAUFFER, Appellant,

v.

**OHIO DEPARTMENT OF TRANSPORTATION et al., Appellees.**

[Cite as *Stauffer v. Ohio Dept. of Transp.* (1989), 63 Ohio App.3d 248.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–230.

Decided Oct. 10, 1989.

*Perry R. Silverman Co., L.P.A.,* and *Perry R. Silverman,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, *Ronald H. Snyder* and *Nino A. Sferrella,* for appellee Ohio Department of Transportation.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Velda K. Hofacker,* for appellee Ohio Department of Administrative Services.

---

BOWMAN, Judge.

Plaintiff-appellant, John W. Stauffer, Jr., is employed by defendant-appellee, Ohio Department of Transportation ("ODOT"), in the classified position of Project Inspector 2. In April 1985, ODOT posted four classified civil service job vacancies; one job posted was for Project Engineer 2 and the other three jobs posted were for Project Inspector Supervisor. Appellant applied for each of these positions, but was not promoted to any of them.

On August 26, 1985, appellant filed a complaint in the Ohio Court of Claims seeking damages for negligence and breach of the employment agreement and an injunction requiring ODOT and the Ohio Department of Administrative Services ("ODAS") to administer competitive examinations before permanently filling the positions at issue. The basis for appellant's claims is R.C. Chapter 124, which sets forth the guidelines for filling classified civil service positions. Appellant alleges that there were no eligible lists or competitive examinations prepared or administered for any of the vacant classified positions which are the subject of this appeal as required by R.C. Chapter 124.

On January 23, 1989, the Court of Claims sustained ODOT's motion to dismiss and ODAS's motion for judgment on the pleadings and held that it did not have jurisdiction to hear appellant's claims. Appellant has appealed, raising the following assignments of error:

"1. The Court of Claims erred to the prejudice of the appellant by sustaining the motion of appellee Ohio Department of Transportation to dismiss the complaint.

"2. The Court of Claims erred to the prejudice of the appellant by sustaining the motion of appellee Ohio Department of Administrative Services for judgment on the pleadings in its favor."

Appellant's assignments of error are related and will be considered together.

■ The jurisdiction of the Court of Claims is limited by R.C. 2743.02(A)(1), which provides in part:

"(A)(1) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

R.C. 2743.02(A)(1) makes clear that the Court of Claims has jurisdiction to render judgment only as to those complaints which, prior to the enactment of the Court of Claims Act, were precluded by state immunity. Thus, where the state has previously consented to be sued, the Court of Claims lacks jurisdiction. *Fish v. Ohio Dept. of Transp.* (Sept. 29, 1988), Franklin App. No. 88AP–355, unreported, 1988 WL 102002.

■ This court held in *Berke v. Dept. of Pub. Welfare* (1976), 52 Ohio App.2d 271, 6 O.O. 280, 369 N.E.2d 1056, that, where the state had previously consented to be sued, the Court of Claims was without jurisdiction. Before the enactment of R.C. 2743.02, "a right to sue" existed in the form of an appeal to the State Personnel Board of Review pursuant to R.C. 124.03. *Berke, supra.* R.C. 124.03 provides in part:

"The state personnel board of review shall exercise the following powers and perform the following duties:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director, or anybody authorized to perform his functions, to reassign an employee to another classification or to reclassify his position pursuant to a job audit under division (E) of

section 124.14 of the Revised Code. The board may affirm, disaffirm, or modify the decision of the appointing authorities or the director, as the case may be, and its decision is final. * * * "

Appellant's claim relates to the final decision of an appointing authority relative to assignment or reassignment to a new or different position classification or the failure to make such an assignment. As this court held in *Berke, supra,* and *Fish, supra,* the appropriate action is one pursuant to R.C. Chapters 124 and 119.

Appellant argues that the Court of Claims does have jurisdiction to hear this action because he is pursuing claims of negligence and breach of contract which are beyond the scope of the State Personnel Board of Review. Appellant's argument must fail because his claims against the state for negligence and breach of contract are not supported in the law.

■ The Ohio Supreme Court held, at paragraph three of the syllabus, in *Fuldauer v. Cleveland* (1972), 32 Ohio St.2d 114, 61 O.O.2d 374, 290 N.E.2d 546:

"A public officer or employee holds his office as a matter of law and not of contract, nor has such officer or employee a vested interest or private right of property in his office or employment. (Paragraph one of the syllabus in *State, ex rel. Gordon, v. Barthalow,* 150 Ohio St. 499 [38 O.O. 340, 83 N.E.2d 393], approved and followed.)" See, also, *Fish, supra.*

Thus, appellant has no basis for his claim that the state breached an employment agreement.

■ Appellant also alleges a claim of negligence *per se* based on a claimed violation of R.C. 124.31(A) in that ODAS failed to prepare and ODOT failed to request a written competitive promotional examination for the positions of Project Engineer 2 and Project Inspector Supervisor. R.C. 124.31(A) provides:

"Vacancies in positions in the classified service shall be filled insofar as practicable by promotions. The director of administrative services shall provide in his rules for keeping a record of efficiency for each employee in the classified service, and for making promotions in the classified service on the basis of merit, to be ascertained as far as practicable by promotional examinations, by conduct and capacity in office, and by seniority in service, and shall provide that vacancies shall be filled by promotion in all cases where, in the judgment of the director, it is for the best interest of the service."

However, the statute imposes no mandatory duty on ODAS to provide written competitive examinations for each position within the classified civil service, but requires promotions to be based on examinations "as far as practicable." R.C. 124.31(A). Hence, appellant's reliance on *Tomlinson v.*

*Cincinnati* (1983), 4 Ohio St.3d 66, 4 OBR 155, 446 N.E.2d 454, is misplaced, as *Tomlinson* concerned the application of R.C. 4511.21, the assured distance ahead statute, which is a specific requirement of law, the violation of which is negligence *per se.* Here, R.C. 124.31(A) does not impose a similar duty.

Even assuming, *arguendo,* appellees violated R.C. 124.31(A), a violation of a public duty will give rise to a private duty only where a special duty or relationship to the injured party is established. *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St.3d 96, 543 N.E.2d 1188.

" * * * 'In order to demonstrate a special duty or relationship, the following elements must be shown to exist: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking.' *Sawicki* [*v. Ottawa Hills* (1988) ], *supra* [37 Ohio St.3d 222, 525 N.E.2d 468], at paragraph four of the syllabus. * * * " *Commerce & Industry Ins. Co., supra* [45 Ohio St.3d], at 100 [543 N.E.2d at 1188].

The first prong of the test is dispositive of appellant's claim. Appellant did not allege in his complaint that ODOT or ODAS assumed an affirmative duty to act on appellant's behalf; rather, the duty is to classified employees generally.

As appellant has not demonstrated a special relationship with ODOT or ODAS, any alleged violation of a statutory duty was a violation of a public duty which does not give rise to an individual claim of negligence. Thus, the appellant has not stated a claim in negligence upon which relief can be granted.

Regardless of how appellant labels his claims, they concern the final decisions of an appointing authority to not assign appellant to a new or different position classification. Pursuant to R.C. 124.03(A), the State Personnel Board of Review has jurisdiction to hear appellant's claim and the board's decision is subject to the R.C. Chapter 119 process. The Court of Claims correctly ruled that it was without jurisdiction to hear this case.

Appellant's first and second assignments of error are not well taken and are overruled. The judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and YOUNG, JJ., concur.