## INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, REGION 2, et al. Appellees,

v.

## McFAUL, Sheriff, et al., Appellants.

[Cite as *Internatl. Union, United Auto., Aerospace & Agricultural Implement Workers of Am., UAW, Region 2 v. McFaul* (2001), 145 Ohio App.3d 728.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78683.

Decided Sept. 4, 2001.

*Joyce Goldstein & Associates, Joyce Goldstein* and *Bryan O'Connor*, for appellees.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, *Steven W. Ritz* and *Christopher J. Russ*, Assistant Prosecuting Attorneys, for appellee Gerald T. McFaul, Sheriff.

*Betty D. Montgomery*, Attorney General, and *Jack W. Decker*, Assistant Attorney General, for appellee Ohio Department of Administrative Services.

TERRENCE O'DONNELL, Judge.

Sheriff Gerald T. McFaul, the Cuyahoga County Sheriff's Department, and the Ohio Department of Administrative Services ("ODAS") appeal from a judgment of the common pleas court that granted a permanent injunction in favor of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, Region 2, and UAW Amalgamated Local 70 ("UAW"), enjoined the sheriff from promoting any person to the position of correction officer sergeant (Correction Supervisor 3) until the ODAS established a certified promotional list, directed the sheriff to reinstate as corporals the three employees he promoted to correction officer sergeants, and ordered the sheriff to

fill the vacant correction officer sergeant positions from the certified promotional list in accordance with R.C. 124.31.

On appeal, the sheriff contends that the court erred in three respects: one, by finding that R.C. 124.30 is not applicable to provisional promotions; two, by overruling his determination that urgent reasons existed to justify the promotions; and three, by concluding that the collective bargaining agreement did not provide the exclusive remedy on this matter. Similarly, the ODAS urges that the court erred when it found that R.C. 124.30 did not apply to provisional promotions, when it found no urgent reasons existed for the promotions, and when it ordered the ODAS to generate a certified promotional list within six months of its order.

Upon review of these contentions, we have concluded that R.C. 124.30 does not apply to promotions within the classified service in this state and that the sheriff's purported provisional promotions contravene the provisions of R.C. 124.31 but that the trial court improperly ordered ODAS to establish a certified promotional list within six months of its order. Accordingly, we affirm the judgment of the court in part but reverse that portion that orders the ODAS to establish a certified promotional list.

The record in the case before us reveals that, from February 1, 1998 to September 1, 1998, five correction officer sergeant positions became vacant in the Cuyahoga Sheriff's Department due to disability retirements, death, and disciplinary demotions. During that period, the ODAS had an established certification promotional list in effect that expired by operation of law on October 23, 1998. Prior to the expiration of that list, the sheriff made no efforts to fill the existing positions.

After the list expired, however, and before the end of 1998, a sixth sergeant transferred to another department and a seventh sergeant retired, creating a total of seven correction officer sergeant vacancies in the department. Thereafter, on July 8, 1999, an administrative law judge ordered the sheriff to reinstate the two sergeants who had been demoted for disciplinary reasons, leaving the aggregate number of vacancies at five.

Thereafter, on July 19, 1999, the sheriff wrote to the ODAS indicating a desire to *promote* four correction officer corporals to the vacant positions of correction officer sergeant (Correction Supervisor 3), and requesting a certified eligible list, or in the alternative, seeking provisional authorization to *promote* without a competitive examination on the basis that urgent reasons existed to fill these positions. On the same date, the sheriff sent a second letter to the ODAS requesting that it schedule an examination for these positions. In a letter dated July 27, 1999, the ODAS advised that it would arrange a test date during the first half of the year 2000.

On August 20, 1999, the sheriff petitioned the ODAS to certify three nominees—Mary Pikakos, Russell Jaenke, and Mary Bennett—for *provisional promotions* to Correction Supervisor 3, and advised the agency that he would not fill the fourth position at that time. The ODAS approved this request, and on August 29, 1999, the sheriff promoted these three corporals to correction officer sergeants.

On December 6, 1999, the UAW, the collective bargaining agent for correction officer corporals, filed a complaint in common pleas court seeking injunctive relief to prevent these provisional appointments. The parties filed respective motions for summary judgment and, on October 10, 2000, the trial court issued an opinion and order granting a permanent injunction in favor of the UAW that stated:

"Defendants, their servants, agents, and employees are permanently enjoined from promoting any person to the position of Correction Officer Sergeant (Correction Supervisor 3) until such time as (i) a Civil service promotional examination is administered to all eligible individuals in the classified service holding the rank of Corporal (Correction Supervisor 2); and, (ii) a certified promotional list for the position of Correction Officer Sergeant is established in accordance with the law of the State of Ohio;

"Defendants are directed to reinstate Correction Officer Sergeants Mary Bennett, Russell Jaenke, and Mary Pikakos, as Corporals;

"Defendants are directed that, at such time that a certified promotional list is established pursuant to the procedure set forth above, no later than six (6) months from the date of this Order, in accord with provisions set forth in O.R.C. Section 124.30, Defendants shall promote persons to the position of Correction Officer Sergeant from said list in accordance with R.C. Section 124.31 and its accompanying regulations."

The sheriff and the ODAS filed a joint notice of appeal but separately briefed their respective positions. The sheriff has assigned the following as error:

"I. The court of common pleas erred by finding that R.C. 124.30 is not applicable to provisional appointments to the position of sergeant within the Cuyahoga County Sheriff's Department.

"II. The court of common pleas erred by granting summary judgment as a material issue of fact existed as to whether an urgent need existed, as that term is used in R.C. 124.30, and erred by substituting its judgment in place of the duly elected sheriff as to whether an urgent need existed.

"III. The court of common pleas erred as the collective bargaining agreement provided the exclusive remedy for the alleged contract violation."

The ODAS presents these three assignments of error for our consideration:

"I.   The court of common pleas erred when it held that R.C. 124.30 does not apply to provisional appointments.

"II.   The court of common pleas erred when it found that no 'urgent reasons' existed for the promotions.

"III.   There was no basis for the court of common pleas' order that ODAS administer an examination or generate a certified eligible list within six months of its order."

I

■ In their first assignments of error, both the sheriff and ODAS urge that R.C. 124.30 enables the sheriff to promote provisionally employees without a competitive examination when he asserts "urgent reasons" for the provisional promotions.   The UAW, on the other hand, contends that R.C. 124.30 applies only to provisional *appointments* that differ from promotions, and it asserts that any *promotions* must comply with the provisions of R.C. 124.31 and related administrative rules and regulations.

Thus, on this appeal, we are asked to clarify the apparent conflict in the law regarding the application of R.C. 124.30 and R.C. 124.31 to the issue of promotions in the classified service of this state.

Section 10, Article XV of the Ohio Constitution states:

"Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations.   Laws shall be passed providing for the enforcement of this provision."

As the court stated in *State ex rel. Bryson v. Smith* (1920), 101 Ohio St. 203, 206, 128 N.E. 261:

■ "This provision came into the constitution as an expression of a deep conviction in the public mind that the civil service of the state should, as far as possible, be removed from influences which undermine efficiency, whether such influences are partisan or otherwise.   The general assembly and *the courts have no more imperative duty than to provide for and enforce compliance with the letter and spirit of this constitutional mandate.*"   (Emphasis added.)

■ "[T]he underlying purposes of the civil service regulations are ' * * * to secure the maximum of efficiency and integrity in the public service; to restrain persons occupying positions in the classified service from political activity; to prevent discrimination for political, religious or racial reasons; and to guarantee permanent tenure to persons in the classified service.' "   *Jackson v. Coffey* (1977),

52 Ohio St.2d 43, 46, 6 O.O.3d 156, 368 N.E.2d 1259, quoting *State ex rel. Neffner v. Hummel* (1943), 142 Ohio St. 324, 329, 27 O.O. 251, 51 N.E.2d 900.

In furtherance of this constitutional mandate the General Assembly enacted R.C. 124.30, which is styled, "Temporary and exceptional appointments," and R.C. 124.31, which is styled, "Promotions."

R.C. 124.30(A) provides for provisional *appointments* under limited circumstances, and states:

"Whenever there are *urgent reasons* for filling a vacancy in any position in the classified service and the director of administrative services is unable to certify to the appointing authority, upon requisition by the latter, a list of persons eligible for appointment to such position after a competitive examination, the appointing authority may nominate a person to the director for noncompetitive examination, and if such nominee is certified by the director as qualified after such noncompetitive examination, the nominee may be *appointed provisionally* to fill such vacancy until a selection and appointment can be made after competitive examination; but such provisional appointment shall continue in force only until a regular appointment can be made from eligible lists prepared by the director and such eligible lists shall be prepared within six months, provided that an examination for the position must be held within the six-month period from the date of such provisional appointment. * * *" (Emphasis added.)

In contrast to the provisions of R.C. 124.30, R.C. 124.31(A) provides:

"*Vacancies in positions in the classified service shall be filled insofar as practicable by promotions.* The director of administrative services shall provide in the director's rules for keeping a record of efficiency for each employee in the classified service, and for making promotions in the classified service on the basis of merit, *to be ascertained as far as practicable by promotional examinations, by conduct and capacity in office, and by seniority in service*, and shall provide that vacancies shall be filled by promotion in all cases where, in the judgment of the director, it is for the best interest of the service." (Emphasis added.)

Courts recognize, and the parties here agree, that it is the duty of the ODAS to administer examinations and establish promotional lists. The facts of this case, however, do not arise from either the failure of the sheriff to promote from a certified promotional list or from the failure of the ODAS to generate such a certified list; rather, at the time the sheriff decided to promote the three corporals in this case, the promotional list that had been in existence expired. Therefore, the sheriff asserts that he had the authority pursuant to R.C. 124.30 to provisionally promote to the position of correction officer sergeants through noncompetitive examination and certification by the ODAS based on his representation of "urgent reasons" for filling these vacancies.

■ Therefore, the issue in this case concerns whether R.C. 124.30 authorizes an appointing authority to make a promotion based upon "urgent reasons" when a certified promotional list does not exist.

From our review, we recognize that while the provisions of R.C. 124.30 and R.C. 124.31 refer to vacancies in the classified service, these code sections separate the procedure for initial provisional appointment, based on "urgent reasons" when the director of administrative services cannot certify a list of persons eligible for appointment, from the procedure for making promotions in the classified service on the basis of merit ascertained as far as practicable by promotional examinations, conduct in office, and seniority in service.

The efforts made here by the sheriff to fill vacancies in the position of correction officer sergeant may appear to comport with law but they do not.

Attached to his July 19, 1999 letter to the ODAS seeking provisional authorization to promote four corporals to sergeant based on urgent reasons, the sheriff attached his "Rational for Promotions," which stated:

"At the present time no promotional list exists for promotion to the rank of Sergeant. The last list for promotion to the rank of Sergeant expired in October of 1998 when there was no need for further promotions. Since August of 1998, there have been seven (7) Sergeants leave the Department for various reasons. There was an expectation that some of these Sergeants would leave but the loss of at least four (4) was for unexpected reasons.

"Considering the legal mandates imposed on the Sheriff and his responsibilities to the general public as an elected official, and the critical obligation to manage a large metropolitan Corrections Center, it is imperative to permit the Sheriff to make provisional appointments as necessary when an active list does not exist. The Ohio Revised Code authorizes the Sheriff to provisionally appoint if certain criteria are met.

"The Sergeant position within the Corrections Center management structure performs as the single highest authority during times when the Executive Staff is not present. This occurs daily after 6:00 p.m. and every weekend and holiday. This key position must be maintained at full staff in order to assure the facility operates securely and safely. Their decisions will impact the lives of approximately 2900 inmates and hundreds of staff along with the civilians visiting the facility on a day-to-day basis.

"With the current staffing level, it is difficult to manage the workforce. The day-to-day demands of maintaining efficient manpower levels coupled with the added responsibilities to the Sergeants are personally and professionally stressful to the Sergeants as a whole.

"At this time the Sheriff is requesting to immediately promote four (4) Corporals to the rank of Sergeant on a provisional basis. The Sheriff is confident that the addition of four (4) Sergeants will ensure the safe operation of the facility until such time when a promotional examination can be given."

The argument advanced by the sheriff utilizes the "urgent reasons" analysis of R.C. 124.30, which refers to "persons" and "nominees" as a basis for the sheriff to promote these three *employees*; however, R.C. 124.31 sets forth the exclusive procedure for promotion of employees—"insofar as practicable"—by promotional examinations. This section neither incorporates nor references the "urgent reasons" language found in R.C. 124.30. The "urgent reasons" consideration therefore applies to appointment of persons and nominees; it does not apply to employees or promotions within the classified service that are to be made insofar as practicable by competitive examination.

We are aware of at least one case that considered the issue of impracticability of administering a competitive examination for promotional purposes.

In *Evans v. London* (Nov. 24, 1986), Madison App. No. CA86–02–003, unreported, 1986 WL 13272, the Twelfth Appellate District considered a situation involving the selection of a new police chief where as many as fifty percent of the police officers in the department had been suspended, indicted, and subsequently found guilty of certain crimes. Further, the application of the procedures of R.C. 124.31 to fill the position of the chief of police who had resigned resulted in the promotion to that position of a sergeant who had been indicted and convicted and, therefore, also had to resign. The court there found that, under these circumstance, the city "was fully warranted in foregoing the competitive examination requirement * * *."

In striving to achieve the aims of the Ohio Constitution mandating promotion by competitive examination whenever *practicable*, we are not persuaded that the facts here rise to the level of impracticability described in *Evans v. London*.

Our decision today that R.C. 124.30 does not apply to promotions is shared by at least two other appellate districts in this state, and is confirmed by the rules established by the ODAS for filling vacancies above the lowest grade of services.

In *Eng. Technicians Assn., Inc. v. Ohio Dept. of Transp.* (1991), 72 Ohio App.3d 106, 593 N.E.2d 472, the Tenth Appellate District stated:

"In *Stauffer v. Ohio Dept. of Transp.* (1989), 63 Ohio App.3d 248, 578 N.E.2d 542, this court held that R.C. 124.31(A) requires promotions to be based on examinations "as far as practicable" * * *. Plaintiffs seek to distinguish *Stauffer*, contending that R.C. 124.30(A), rather than R.C. 124.31(A), applies to this case. We disagree. R.C. 124.30(A) concerns examinations that are open to the

public at large for original appointment to the classified service. *State ex rel. Schmidt v. Harter* (1932), 43 Ohio App. 503, 506, 183 N.E. 389, 390."

Likewise, in *Harvey v. Mahoning Cty. Dept. of Human Serv.* (Feb. 27, 1995), Mahoning App. No. 92C.A.172, unreported, 1995 WL 91278, the Seventh Appellate District stated:

"* * * There is some contention that R.C. 124.30 applies to promotions within the classified service along with and, in some instances, separate from R.C. 124.31, which applies to promotions in the classified service. Revised Code Section 124.30 is very specifically captioned 'temporary and exceptional appointments.' *R.C. 124.30 throughout its content has absolutely nothing to do with the promotions within the classified service.* R.C. 124.31 very specifically is captioned 'promotions' and throughout its content deals only with promotions within the classified service. 'R.C. 124.30(A) concerns examinations that are open to the public at large for original appointment to the classified service.' *Engineering Technicians Assoc. v. Ohio Department of Transportation* (1991), 72 Ohio App.3d 106, 114, 593 N.E.2d 472.

"* * *

"It is our decision that all of the appointments made in the subject cases were promotions and, as a matter of law, must have been made pursuant to the provisions of R.C. 124.31 in conjunction with rules properly drawn by the Department of Administrative Services." (Emphasis added.)

We agree with the analysis in these cases and have concluded likewise that R.C. 124.30 applies only to initial appointment to the classified civil service and that R.C. 124.31 provides the procedure for the promotion of existing employees based on examination.

In addition, we note that the Ohio Department of Administrative Services has established rules that pertain to filling a vacancy in a position where the classification is above the lowest grade in a series. In particular, Ohio Adm.Code 123:1–23–01 states:

"123:1–23–01 FILLING VACANCY FROM ELIGIBLE LIST

"Whenever there is a vacancy in a position having a classification above the lowest grade in a series, the Director of Administrative Services shall determine whether the position is to be filled by promotional examination or by open-competitive examination. The cooperation of the department heads may be sought in making this decision. If the vacancy is to be filled by promotional examination, the Director shall determine which classes of certified employees (who have completed their probationary period) shall be eligible to compete. When a promotional examination is held the eligible list resulting from such examination shall be used to fill the vacancy. If an open-competitive examination

is held, the procedure defined in Chapters 123:1–15 and 123:1–17 shall be applicable. If there is both a promotional list and an open-competitive list for a particular classification, the promotional list shall be used before the open-competitive list."

Notably, no discussion or mention of urgent reasons appears in this rule.

Accordingly, we have concluded that the purported provisional promotions made in this case are contrary to law and therefore void. Promotions must be made in compliance with R.C. 124.31. Thus, these assignments of error are not well taken and they are overruled.

## II

Next, both the sheriff and ODAS argue in their second assignments of error that the trial court erred in finding that no "urgent reasons" existed to justify provisional appointments in this case. Because we have determined that R.C. 124.30 does not apply to promotions, these assignments have been rendered moot. Pursuant to App.R. 12(A)(1)(c), we decline to address them.

## III

In his third assignment of error, the sheriff maintains that the collective bargaining agreement provided for binding arbitration as the exclusive remedy for disputes involving movement from the rank of corporal to sergeant. The sheriff maintains that, because he acted in accordance with civil service laws, the collective bargaining agreement should provide arbitration as the proper forum for resolution of this dispute. As noted above, however, the purported provisional promotions in this case contravene R.C. 124.31.

Further, "a collective bargaining agreement must specifically exclude statutory rights in order to negate the application of those rights." *State ex rel. Ohio Assn. of Pub. School Emp./AFSCME, Local 4 v. Batavia Loc. School Dist. Bd. of Edn.* (2000), 89 Ohio St.3d 191, 196, 729 N.E.2d 743. The sheriff concedes that the collective bargaining agreement also provides that "promotions from Correction Officer Corporal to Correction Officer Sergeant shall be done in accordance with the Ohio civil service laws and regulations." This language does not explicitly demonstrate the parties' intent to preempt these statutory rights; to the contrary, this language indicates a specific intent to follow Ohio's civil service laws. Therefore, we reject this assignment of error.

Finally, the ODAS asserts that the trial court had no jurisdiction to order it to administer an examination and establish a promotional list in this case. As we have already established, R.C. 124.31 requires civil service promotions to be based as far as practicable on promotional examinations. Whether promotional examinations are practicable is a question of discretion that is initially vested in

the ODAS, not the courts. See *State ex rel. Ohio Assn. of Pub. School Emp. v. Girard Civ. Serv. Comm.* (1976), 45 Ohio St.2d 295, 297, 74 O.O.2d 463, 345 N.E.2d 58. However, as the court stated in *Girard*, "[i]t is appropriate, however, to require the commission to exercise the discretion conferred on it by R.C. 124.31." *Id.*

In *Girard*, the court considered whether part-time school board employees belonged in the classified service, and the court allowed a writ of mandamus against the city's civil service commission, noting that "R.C. Chapter 124 places a clear legal duty on the commission to maintain eligibility lists and to prescribe rules and regulations implementing R.C. Chapter 124."

■ In this case, the trial court ordered ODAS to establish a certified promotional list within six months of its order. However, the UAW did not request relief by way of a mandamus, which is the appropriate remedy to compel a governmental entity to comply with statutory edict. See *State ex rel. Wallace v. State Med. Bd. of Ohio* (2000), 89 Ohio St.3d 431, 434, 732 N.E.2d 960.

Accordingly, we sustain this assignment of error and reverse that portion of the trial court's judgment ordering the ODAS to establish a certified promotional list within six months of the order. In all other respects, the judgment is affirmed.

*Judgment affirmed in part*
*and reversed in part.*

ANNE L. KILBANE, P.J., and JAMES J. SWEENEY, J., concur.