OAPSE/AFSCME LOCAL 4 et al.,

v.

BERDINE et al.

[Cite as *OAPSE/AFSCME Local 4 v. Berdine*, 174 Ohio App.3d 46, 2007-Ohio-6061.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 88750.

Decided Nov. 13, 2007.

**48**

Airica D. Clay, for relators.

Pepple & Waggoner, Glenn D. Waggoner, Donna M. Andrew, and Thomas C. Holmes, for respondents.

SEAN C. GALLAGHER, Judge.

{¶ 1} Relator, Ohio Association of Public School Employees (OAPSE)/AFSCME Local 4, AFL–CIO and its Local 134 ("OAPSE"),[1] is a labor union that is the certified exclusive bargaining representative for various classifications of the nonteaching employees of respondent Lakewood City School District Board of Education. Richard Berdine is employed by the board as treasurer. The Board has directed Berdine to perform the duties of Director of Support Services ("DSS"). OAPSE avers that the position of DSS is functionally equivalent to that of "business manager," as defined in R.C. 3319.04. OAPSE contends that the positions of treasurer and business manager are "inherently incompatible" because the treasurer may not be "otherwise regularly employed by the board." R.C. 3313.22(B).

{¶ 2} OAPSE requests that this court issue a writ of mandamus [2] compelling the board (1) "to separate the positions and job duties" of treasurer and DSS, (2)

---

1. In its original complaint, OAPSE indicated that the action was brought on behalf of its Locals 134 and 129. In the amended complaint, however, the caption and the text refer only to Local 134.

2. In the original complaint, OAPSE sought relief in mandamus and prohibition. The amended complaint is, however, limited to mandamus.

appoint a treasurer who is not "otherwise regularly employed" by the board, and (3) hire a DSS who is not the treasurer.

{¶ 3} Relator named the board and Berdine as respondents. Previously, this court granted in part respondents' motion to dismiss as to Berdine only and denied the motion as to the board. We also granted the parties leave to file motions for summary judgment as well as responsive briefs. OAPSE and the board both filed motions for summary judgment as well as responsive briefs. For the reasons stated below, we grant OAPSE's motion for summary judgment, deny the board's motion for summary judgment, and grant relator's request for relief in mandamus.

{¶ 4} The criteria for considering motions for summary judgment are well established. "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 5} Initially, we note that the factual basis for considering this action is provided by the following sources: those averments in the complaint that the board has admitted; the affidavit of an OAPSE field services representative attached to the amended complaint; and Berdine's affidavit as well as the DSS job description, which are attached to the board's motion for summary judgment. Relator has not attached any evidence to its motion for summary judgment.

{¶ 6} R.C. 3313.22 provides:

{¶ 7} "(A) * * * [T]he board of education of each city * * * school district * * * *shall* appoint a treasurer, who shall be the chief fiscal officer of the school district. * * *

{¶ 8} "(B) A treasurer appointed under this section may not be a member of the board or *otherwise regularly employed* by the board." (Emphasis added.)

{¶ 9} OAPSE argues that Berdine is "otherwise regularly employed by the board" because the board directed him "to perform the job duties specified in the Director of Support Services job description in addition to performing the Treasurer job duties, and [Berdine has] agreed to perform such additional duties." OAPSE contends that DSS and business manager are "functionally equivalent." As a consequence, OAPSE requests this court to compel the board to separate the two positions, appoint a treasurer who is not otherwise regularly employed and appoint a business manager/DSS who is not also treasurer.

{¶ 10} The power and duties of the business manager are set forth in R.C. 3319.04, which provides: "The business manager shall have the care and custody of all property of the school district, real or personal, except moneys, supervise the construction of buildings in the process of erection, and the maintenance, operation, and repairs thereof, advertise for bids, and purchase and have custody of all supplies and equipment authorized by the board. The business manager shall assist in the preparation of the annual appropriation resolution; shall appoint and may discharge, subject to confirmation by the board, noneducational employees, except as provided in division (B) of section 3313.31 of the Revised Code; and shall prepare and execute all contracts necessary in carrying out this section." [3]

{¶ 11} As mentioned above, OAPSE insists that the DSS and business manager are "functionally equivalent." Our review of the DSS job description reflects the following common elements between the duties of the business manager in R.C. 3319.04 and those of the board's DSS. The goal of the DSS is to "administer the business operations of the district." The DSS also "[a]dministers * * * the buildings and grounds program," "Consults with Superintendent and other personnel on questions relating to the district's business operations," "Manages and negotiates contracts involving special facilities and services," "Administers a program for the purchasing and inventory of supplies and equipment," "Assists in the preparation of the annual budget and appropriations as it pertains to support services," "Advises the Superintendent and Board of Education relative to technical elements of alterations to existing facilities," "Oversees classified personnel and related matters," "Prepares, or causes to be prepared, bidding specifications for building projects, and supervises facility construction, renovation and maintenance."

{¶ 12} Although the language in the DSS job description is not verbatim that of R.C. 3319.04, we cannot conclude that the two are so different that they are not functionally equivalent. Accordingly, in the context of considering the board's motion for summary judgment, we agree with OAPSE's argument that the DSS and business manager are functionally equivalent. Nevertheless, we must examine whether OAPSE has met the requirements for relief in mandamus.

---

3.   {¶ a} R.C. 3313.31 provides:
  {¶ b} "(A) * * *
  {¶ c} "The treasurer shall be the chief fiscal officer of the school district, shall be responsible for the financial affairs of the district, and shall report to and is subject to the direction of the district board of education.
  {¶ d} "(B) Notwithstanding any provision of the Revised Code to the contrary, in all school districts * * *, the treasurer shall direct and assign employees directly engaged in the day-to-day fiscal operations of the district * * *, as those employees are so designated by the board of the district * * *."

The fundamental criteria for issuing a writ of mandamus are well established: "In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 42, 8 O.O.3d 36, 374 N.E.2d 641; *State ex rel. Natl. City Bank v. Bd. of Edn.* (1977), 52 Ohio St.2d 81, 6 O.O.3d 288, 369 N.E.2d 1200. Of course, all three of these requirements must be met in order for mandamus to lie.

{¶ 13} OAPSE contends that the Revised Code establishes the roles of treasurer of a district and superintendent as separate officials, each of whom is appointed by the board. See R.C. 3313.22 et seq. and R.C. 3319.01 et seq., respectively. OAPSE argues that the business manager should answer to the superintendent and that the Revised Code requires that separate individuals have responsibility over "moneys"—i.e., the treasurer—and all other property—i.e., the business manager. The roles of treasurer and business manager are, under OAPSE's view, "inherently incompatible."

{¶ 14} In his unrefuted affidavit, Berdine avers that "[t]he Board of Education directed [him] to perform the job duties specified in the Director of Support Services job description in addition to performing the Treasurer job duties," and he agreed. Additionally, Berdine avers that he "was not nominated by the District's Superintendent to be employed as the District's Director of Support Services * * * [and] was never awarded or employed under a separate employment contract for such position." We also note that integrated into the DSS job description are various responsibilities relating to financial aspects of the district, including supervising the supervisors of accounting and budgets; assisting in the recruiting of supervisors of accounting, budgets and payroll; and negotiating purchases and sale of real estate and fixed assets.

{¶ 15} The board argues that it has discretion in determining the responsibilities of its administrative personnel. In support of this position, the board cites R.C. 3313.20(A), which provides: "The board of education of a school district or the governing board of an educational service center shall make any rules that are necessary for its government and the government of its employees, pupils of its schools, and all other persons entering upon its school grounds or premises." Additionally, the board cites R.C. 3313.47, which provides: "Each city, exempted village, or local board of education shall have the management and control of all of the public schools of whatever name or character that it operates in its respective district." The board contends, therefore, that these provisions give it the authority to require Berdine to perform the duties of both treasurer and DSS.

■ {¶ 16} We do not agree with the board's position. We are persuaded that the discretion granted under R.C. 3313.20(A) and 3313.47 in assigning additional duties to a treasurer if circumstances warrant is not intended to authorize the board to evade the mandatory duties imposed by statute. Indeed, mandamus is the appropriate remedy to compel a governmental entity to comply with statutory edict. *Internatl. Union v. McFaul* (2001), 145 Ohio App.3d 728, 739, 764 N.E.2d 468. This court has previously recognized: " 'Mandamus lies to compel the performance of an act which is clearly enjoined by law upon a respondent. This principle applies whether the source of the duty involved is a city charter provision or a state statute.' " (Internal citations omitted.) *State ex rel. Ohio Motorists Assn. v. Masten* (1982), 8 Ohio App.3d 123, 126, 8 OBR 179, 456 N.E.2d 567, quoting *State ex rel. Campanella v. Kucinich* (1977), 59 Ohio App.2d 278, 13 O.O.3d 278, 394 N.E.2d 318.

{¶ 17} In this case, R.C. 3313.22(B) specifically provides that the treasurer may not be "otherwise regularly employed by the board." The statute places a clear legal duty upon the board to comply with this requirement. Further, R.C. 3319.04 specifically excludes moneys from the care and custody of the business manager. Thus, the position of business manager/DSS is clearly incompatible with that of the treasurer. A clear legal duty is placed upon the board to comply with these requirements, and OAPSE has a clear legal right to have the positions separated. Further, OAPSE has no plain or adequate legal remedy. Accordingly, mandamus will lie to compel the board to separate the position of treasurer and business manager/DSS.

■ {¶ 18} We also hold that OAPSE has standing to seek mandamus. R.C. 2731.02 provides that a writ of mandamus "may issue on the information of *the party beneficially interested*." (Emphasis added.)[4] The board contends that OAPSE lacks standing to bring this action because OAPSE does not have a direct "beneficial interest" in compelling the board to separate the positions of treasurer and business manager/DSS. OAPSE contends that some of its members, who are employees of the Lakewood City School District Board of Education, have a direct beneficial interest in this action by ensuring that the board adheres to the statutorily mandated provisions governing it. OAPSE also contends that the union and its members interact with Berdine in both his capacity as treasurer and business manager/DSS.[5]

---

4. We note that a "beneficial interest" is not the same as the requirement that a party be a "real party in interest" under Civ.R. 17.

5. An affidavit by Jason Demagall, the Field Services Representative assigned to provide collective bargaining representation services for OAPSE Local 134, accompanies the amended complaint. Demagall avers that he has represented Local 134 in disciplinary proceedings

{¶ 19} "In order to have standing to appear in a representative capacity for its members, an association must meet the standards set forth in *Warth v. Seldin* (1975), 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343, and *Hunt v. Washington Apple Advertising Comm.* (1977), 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383. See *Academy of Nursing Homes v. Barry* (1987), 37 Ohio App.3d 46, 523 N.E.2d 523. An association has standing when: (1) its members would otherwise have standing to sue in their own right, (2) the interests it seeks to protect are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *In re 730 Chickens* (1991), 75 Ohio App.3d 476, 483, 599 N.E.2d 828. Further, an association, even in the absence of injury to itself, has standing to sue as representative of its members as long as it alleges that at least one of its members is suffering immediate or threatened injury as a result of the contested action. Id.; *State ex rel. Connors v. Ohio Dept. of Transp.* (1982), 8 Ohio App.3d 44, 47, 8 OBR 47, 455 N.E.2d 1331; *Warth,* 422 U.S. at 511, 95 S.Ct. 2197, 45 L.Ed.2d 343; *Pennsylvania Gamefowl Breeders Assn. v. Commonwealth* (Pa.Commw.1987), 533 A.2d 838.

{¶ 20} In this case, we have already found that because the board is under a clear legal duty to take action consistent with express statutory provisions, the board is subject to a writ of mandamus. See *State ex rel. Ohio Motorists Assn.,* 8 Ohio App.3d at 126, 8 OBR 179, 456 N.E.2d 567. We believe that OAPSE has standing to compel such action. We hold that OAPSE has shown that its members are suffering an immediate injury in that the same individual who is responsible for the care and custody of the Lakewood City School District's moneys is also serving in the position of business manager/DSS in direct contravention of statutorily mandated provisions. Further, irreparable injury is also threatened to the fiscal integrity of the school district, and hence to the members of OAPSE within the school district, by permitting the treasurer to also serve as the business manager/DSS. Therefore, we hold that OAPSE possesses the requisite standing to bring this mandamus action.

{¶ 21} We also hold that OAPSE has standing to bring this action because it is seeking to enforce a public right. In an action in mandamus in which the relator seeks to enforce a public right, the people of the state of Ohio are regarded as the real party: " '[W]here the question is one of public right and the object of the mandamus is to procure the enforcement of public duty, the people are regarded as the real party and the relator need not show that he has

---

with Berdine in his capacity as DSS and that he has negotiated collective bargaining agreements with Berdine in his capacity as treasurer. In relator's view, Berdine's role relative to OAPSE's members establishes the beneficial interest requisite to demonstrate that relator is directly affected by Berdine's serving as both treasurer and DSS.

any * * * special interest in the result, since it is sufficient that he is interested as a citizen or taxpayer in having the laws executed and the duty in question enforced.'" *State ex rel. Nimon v. Springdale* (1966), 6 Ohio St.2d 1, 4, 35 O.O.2d 1, 215 N.E.2d 592, quoting 35 Ohio Jurisprudence 2d 426, Section 141; see, also, *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, paragraph one of the syllabus. Insofar as the board argues that OAPSE should not be regarded as a citizen or taxpayer for purposes of asserting a public right, this court has previously held that "[a]n Ohio corporation may be considered to be a 'citizen' of the state of Ohio, entitled to maintain an action in mandamus to procure the enforcement of a public duty." *State ex rel. Ohio Motorists Assn.*, 8 Ohio App.3d 123, 8 OBR 179, 456 N.E.2d 567, at paragraph three of the syllabus.

{¶ 22} OAPSE contends that by having Berdine serve as both treasurer and business manager/DSS, respondent board is violating Ohio law. As discussed above, OAPSE observes that R.C. 3313.22(A) requires that a city school district "elect a treasurer who may not be a member of the board or otherwise regularly employed by the board." Relator also cites R.C. 3319.03, which provides, "The board of education of each city * * * school district may create the position of business manager." Furthermore, R.C. 3319.04 provides, "The business manager shall have the care and custody of all property of the school district, real or personal, except moneys * * *."

{¶ 23} OAPSE further observes that R.C. 3313.31 provides, "The treasurer shall be the chief fiscal officer of the school district and shall be responsible for the financial affairs of the district, subject to the direction of the district board of education." Relator contends that it is asserting a public right, because these provisions require that the treasurer control "financial affairs," but they also prevent the business manager from having responsibility for "moneys." As a consequence, OAPSE argues that relief in mandamus is appropriate to prevent one person from serving in both positions.

{¶ 24} We hold that this is a matter of public welfare and concern. The state, through legislative enactment, has established a statewide requirement that school districts elect a treasurer who is not "a member of the board or otherwise regularly employed by the board." OAPSE is seeking to procure a public right by enforcing the public duty imposed by these statutes. This court is, therefore, persuaded that relators have standing to maintain this suit in mandamus as a matter of public right.

{¶ 25} Accordingly, the board's motion for summary judgment is denied. The motion for summary judgment filed by OAPSE is granted. The application for a writ of mandamus is granted. Respondents are ordered to conform with the statutory directives noted herein and shall (1) separate the positions and job

duties of treasurer and business manager/DSS, (2) appoint a treasurer that is not otherwise regularly employed by the board, and (3) appoint a business manager/DSS who is not also the treasurer. Respondents to pay costs.

So ordered.

DYKE, P.J., concurs.

STEWART, J., dissents.

STEWART, J., dissenting.

{¶ 26} I respectfully dissent from the majority opinion because OAPSE lacks standing to bring this action.

{¶ 27} R.C. 2731.02 provides that a writ of mandamus "may issue on the information of *the party beneficially interested.*" (Emphasis added.) See, also, Civ.R. 17(A) ("Every action shall be prosecuted in the name of the real party in interest"). In *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 387, 632 N.E.2d 897, the Supreme Court of Ohio defined a "real party in interest" as "one who is *directly* benefitted or injured by the outcome of the case rather than one merely having an interest in the action itself." (Emphasis added and citations omitted.) OAPSE has not demonstrated that it has a direct, beneficial interest in compelling the board to separate Berdine's duties as treasurer and DSS.

{¶ 28} OAPSE also contends that it has standing because it is asserting a public right to enforce Revised Code requirements that permit only the treasurer to control "financial affairs." It maintains that Berdine's duties as DSS give him responsibilities for "moneys" in violation of statute; hence, relief in mandamus is appropriate to prevent Berdine from serving in both positions.

{¶ 29} In *Bowers v. Ohio State Dental Bd.* (2001), 142 Ohio App.3d 376, 755 N.E.2d 948, the Tenth District Court of Appeals affirmed the dismissal of a writ of mandamus on grounds that the duty sought to be enforced was not a "public right" that would benefit the citizenry as a whole. Bowers had filed the writ in order to compel the Ohio State Dental Board to adopt regulations specifying which exams prospective dentists must take for licensure in Ohio. Id. at 382, 755 N.E.2d 948. The board challenged Bowers's standing to bring the mandamus action, arguing that he lacked standing. Bowers maintained that he had standing under the "public action" or "public right" exception. Cf. *Smith v. Hayes,* Franklin App. No. 04AP–1321, 2005-Ohio-2961, 2005 WL 1394779, ¶ 8. The Tenth District stated:

{¶ 30} "Application of the public action rule of standing, however, is limited, and not all alleged illegalities or irregularities rise to that level. Therefore, courts entertain such actions only where the alleged wrong affects the citizenry

as a whole, involves issues of great importance and interest to the public at large, and the public injury by its refusal would be serious. The vast majority of such cases involve voting rights and ballot disputes." *Bowers,* 142 Ohio App.3d at 381, 755 N.E.2d 948. (Citations omitted.)

{¶ 31} *Bowers* denied the requested writ, concluding, "[T]he duty sought to be compelled is not in any meaningful sense for the benefit of the public as a whole. It does not affect the citizenry at large, it is not of great importance and interest to the general public, and the alleged public injury is not serious. Rather, the issues raised by this case are of significant interest to only a select group of people—those who may seek licensure to practice dentistry in Ohio." Id.

{¶ 32} As in *Bowers,* OAPSE has not established that having the same person serving as both treasurer and DSS is an irregularity of such scope or impact that it is of great interest to the public or affects the citizenry as a whole. The issue in this case is clearly limited to the proper division of responsibilities for a single city school district. OAPSE has not offered any evidence of injury stemming from Berdine's acting as both treasurer and DSS. Even it there had been a showing of injury, the injury would have affected such a small group of persons that OAPSE would nonetheless lack standing to prosecute this action.