GEORGE, Exr., et al., Appellants,

v.

OHIO DEPARTMENT OF HUMAN SERVICES, Appellee.

[Cite as *George v. Ohio Dept. of Human Serv.* (2001), 145 Ohio App.3d 681.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–347.

Decided Sept. 20, 2001.

682

*Manos,. Martin, Pergram & Dietz, L.P.A., Dennis L. Pergram; Graham, McClelland, McCann & Ransbottom Co., L.P.A., and Clay P. Graham,* for appellants.

*Betty D. Montgomery,* Attorney General, *Velda K. Hofacker–Carr* and *Peggy W. Corn,* Assistant Attorney General, for appellee.

TYACK, Judge.

On November 27, 1995, Herman F. Seymour, individually and as executor of the estate of Hazel E. Seymour, filed a complaint in the Court of Claims of Ohio against the former Ohio Department of Human Services ("department").[1] Prior to her death, Ms. Seymour had applied for Medicaid benefits. Ms. Seymour was an "institutionalized spouse" for purposes of Medicaid eligibility (she was in a nursing home). The department denied Ms. Seymour's application on the basis of excess resources. An appeal of such denial was filed, but the denial was affirmed.

In the complaint, Mr. Seymour averred that his resource allowance as the community spouse was inadequate to raise his income to the minimum monthly maintenance needs allowance ("MMMNA"). Therefore, Mr. Seymour contended that he or his wife had the right under Ohio Adm.Code 5101:6–7–02(A)(4) to document such inadequacy and to have the resource allowance revised in order to

---

1. The department is now known as the Ohio Department of Job and Family Services.

generate more income for the community spouse. Mr. Seymour averred that the department unlawfully failed to notify him of this right and had a policy of not permitting revisions of the resource allowance. The complaint cited two appellate court decisions which allegedly had determined that such policy and practice were unlawful.[2] Further, the complaint averred that Ms. Seymour was wrongfully required to "spend down" her resource allowance (by making payments to the nursing home) prior to gaining eligibility for Medicaid benefits.

Prior to this complaint being filed, a class action suit involving essentially the same issues was pending in the United States District Court for the Southern District of Ohio. On July 13, 1995, the district court rendered a decision concluding that the .federal statutes governing Medicaid eligibility required the transfer of resources in order to revise the community spouse resource allowance. *State ex rel. Chambers v. Ohio Dept. of Human Serv.* (1995), S.D.Ohio Civ. Action No. 2–94–1094. This determination was appealed to the Sixth Circuit Court of Appeals.

On February 2, 1996, an amended complaint was filed. The complaint added as plaintiffs Helen S. and Steve Silovich, individually and on behalf of all other persons similarly situated. As to the Silovichs and the putative class members, the claims were essentially the same as those set forth in the original complaint.

On February 26, 1997, the Silovichs filed a notice of withdrawal of their personal claims.

On February 28, 1997, the plaintiffs filed a motion to certify the class as:

"All persons who, at any time from March 22, 1990 through December 31, 1995, were institutionalized spouses or community spouses who were deprived of their rights under Ohio Administrative Code 5101:6–7–02(A)(4) and/or 5101:1–35–73(D) or were not informed of their rights under Ohio Administrative Code 5101:6–7–02(A)(4) and/or 5101:1–35–73(D) and who have unnecessarily 'spent down' their resources."

The department filed a memorandum contra the motion for class certification, and the plaintiffs filed a reply.

On March 6, 1997, the Court of Claims ordered that the trial be bifurcated, and the liability portion of the trial would pertain to the statutory interpretation of provisions of the Ohio Administrative Code. On April 29, 1997, the court journalized an entry indicating that the bifurcated issue of interpretation of the

---

2. Such decisions are *Kimnach v. Ohio Dept. of Human Serv.* (1994), 96 Ohio App.3d 640, 645 N.E.2d 825, discretionary appeal not allowed in (1994), 71 Ohio St.3d 1447, 644 N.E.2d 409; and *Gruber v. Ohio Dept. of Human Serv.* (1994), 98 Ohio App.3d 72, 647 N.E.2d 861, discretionary appeal not allowed in (1995), 71 Ohio St.3d 1493, 646 N.E.2d 468.

Ohio Administrative Code would be limited to the determination of whether an "income-first" policy was valid.[3]

On August 8, 1997, Bessie Quinan, a member of the proposed class, filed a motion to intervene and a motion to file a second amended complaint instanter. Such complaint was, in essence, the same as the first amended complaint.

On September 4, 1997, the Court of Claims filed a journal entry dismissing the Seymours' personal claims with prejudice pursuant to an approved settlement agreement.

On October 23, 1997, the Court of Claims granted Ms. Quinan's motions to intervene and for leave to file a second amended complaint. Further, court granted the plaintiffs' motion for class certification for the purpose of determining liability and jurisdiction.

On May 27, 1998, the Sixth Circuit reversed the district court's decision, concluding that under federal law the department was permitted to apply an income-first approach. *Chambers v. Ohio Dept. of Human Serv.* (C.A.6, 1998), 145 F.3d 793, 804, certiorari denied in (1998), 525 U.S. 964, 119 S.Ct. 408, 142 L.Ed.2d 331.

On December 4, 1998, the department filed a motion to decertify the class. The department asserted that because of the *Chambers* decision, *res judicata* barred relitigation of issues that actually were or could have been litigated in such action.

On April 15, 1999, the Court of Claims rendered a decision, decertifying the class. The court stated that because of the decision in *Chambers*, the plaintiffs could no longer satisfy the numerosity and typicality requirements of Civ.R. 23(A), that questions of law or fact common to the members of the class no longer predominated over questions affecting only individual members, and that a class action was no longer superior to other available methods.

The plaintiffs appealed the Court of Claims' decision decertifying the class to this court. This court reversed the Court of Claims' judgment. *Quinan v. Ohio Dept. of Human Serv.* (Mar. 30, 2000), Franklin App. No. 99AP–562, unreported. We concluded that the Court of Claims had given too broad an effect to *Chambers*, which had decided only issues of federal law, and that state law claims still remained for the class as a whole. Accordingly, we remanded the case for a redetermination of the issue of class certification under Civ.R. 23(B)(3) and based on the fact that only the federal law questions had been determined.

---

3. The department admitted that during the pertinent time period, it utilized an "income-first," as opposed to a "resource-first," approach in determining Medicaid eligibility.

On remand, Evelyn George, executor of Ms. Quinan's estate, was substituted for Ms. Quinan. The parties filed briefs on the issue of decertification.

On February 16, 2000, the trial court rendered decision and filed a judgment entry, again decertifying the class.

George and the putative plaintiffs (hereinafter "appellants") have appealed to this court, assigning a single error for our consideration:

"The Court of Claims committed prejudicial error by granting ODHS's motion to decertify plaintiffs' class action[.]"

■ Appellants contend that the requirement set forth in Civ.R. 23(B)(3) was met in that questions of law and fact common to them predominate over individual questions. Specifically, appellants assert that the common issues are, in part, which approach, resource-first or income-first, is proper under Ohio law, and whether the department (hereinafter "appellee") gave notice of the approach it used. Appellee asserts that appellants failed to show that common issues predominate over individual issues or questions. For the reasons that follow, we find the trial court erred in its determination to decertify the class.

■ A trial court has broad discretion in determining whether a class action may be maintained, and such determination will not be disturbed absent a showing of an abuse of that discretion. *Marks v. C.P. Chem. Co.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus. See, also, *Baughman v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 480, 483, 727 N.E.2d 1265. An abuse of discretion is more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary, or unconscionable. *Marks* at 201, 31 OBR 398, 509 N.E.2d 1249. However, a trial court's discretion is not unlimited, and it must be exercised within the framework of Civ.R. 23. *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 70, 694 N.E.2d 442. The trial court is required to carefully apply the class action requirements and conduct a vigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied. *Id.*

As indicated above, this court in *Quinan* remanded the matter of decertification to the trial court with instructions, in essence, to give less effect to the decision in *Chambers*, as such decision addressed only federal law issues and not state law issues, which remained for the class as a whole. We indicated that the certification issue was more properly considered in light of the fact that one common question had been eliminated by *Chambers*—that federal law does not mandate that appellee use a resource-first approach. The trial court was instructed to assess the certification issue under Civ.R. 23(B)(3) as to whether common questions predominated in the action under state law.

On remand, the Court of Claims again decertified the class. The basis for its decision was as follows:

"The determinative issue involves the State of Ohio's approach in determining Medicaid eligibility through its application of an 'income-first' rule as opposed to a 'resource-first' rule or some hybrid thereof. The parties agree that during all relevant times herein Ohio did not follow a resource-first approach.

"The court finds that the State of Ohio adopted and applied an income-first approach in determining Medicaid eligibility pursuant to Ohio Adm.Code 5101:6–7–02(A)(4) and its predecessor, Ohio Adm.Code 5101:1–35–73(D).

"In light of the instruction by the Court of Appeals to limit the application of the effect of *Chambers,* the court now finds that common questions no longer predominate over individual questions. *In applying Chambers, the court concludes that the state has the discretion to adopt a resource-first approach, income-first approach or a hybrid thereof.* Accordingly, the court finds that determination of Medicaid benefits is more appropriately conducted on a case-by-case basis and that a class action is not superior to other available methods for the fair and efficient adjudication of this controversy." (Emphasis added.)

The Court of Claims' decision to decertify the class was clearly based on the merits of the underlying case. The court applied *Chambers,* which had concluded that any approach was acceptable under federal law, to the state law issues under the Ohio Administrative Code. The court accepted the Sixth Circuit's interpretation of the federal counterparts to Ohio's rules and concluded that any approach is proper. The Court of Claims' decision did not apply the appropriate analysis for class certification determinations.

▮ Questions going to the merits of the action are not determined at the class certification stage. *Cope v. Metro. Life Ins. Co.* (1998), 82 Ohio St.3d 426, 436, 696 N.E.2d 1001, citing *Ojalvo v. Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St.3d 230, 233, 12 OBR 313, 466 N.E.2d 875. Determining the merits of a claim at the class certification stage constitutes an abuse of discretion. *Id.* at 236, 12 OBR 313, 466 N.E.2d 875. The merits of the essential issue in the case at bar—which approach is proper in determining Medicaid eligibility—is immaterial to the class certification issue and is not the issue at this juncture in the proceedings. A court may examine the underlying claims, but only for the purpose of determining whether common questions exist and predominate and not for the purpose of determining the validity of such claims.

▮ Because the Court of Claims' determination of the class certification issue was based on the merits of the underlying claims, the judgment was erroneous as a matter of law and unreasonable. Therefore, the decision constituted an abuse of discretion. We note that in *Marks, supra,* at 201, 31 OBR 398, 509 N.E.2d

1249, the Supreme Court of Ohio, in dicta, stated that when an appellate court finds an abuse of discretion, it should not proceed to formulate the class or issue itself but should remand the matter to the trial court for such a determination. However, for the reasons that follow, we hereby order the Court of Claims to certify the class as requested by appellants.

First, this court has already remanded the matter to the Court of Claims once before for a redetermination of class certification. As indicated above, in our previous decision we found that the state law issue remained *for the class as a whole*. In addition, the record is clear that the only issue to be determined at this point in the litigation is liability, specifically, whether appellee's income-first approach to determining Medicaid eligibility was proper under the applicable law(s). This is essentially the only issue (thus, it predominates), and it is common to all the potential class members. Therefore, the class should be certified.

In summary, the Court of Claims abused its discretion in basing its decision on the class certification issue on the merits of appellants' underlying claim. For this reason, appellants' assignment of error is sustained. Further, this court hereby orders the Court of Claims to certify the class.

Having sustained appellants' sole assignment of error, the judgment of the Court of Claims of Ohio decertifying the class is reversed, and this cause is remanded to such court with instructions to certify the class and conduct further appropriate proceedings.

*Judgment reversed*
*and cause remanded.*

LAZARUS and KENNEDY, JJ., concur.